UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81376-CIV-MARRA

ATLANTIC TECH SYSTEMS, LLC, a Florida
limited liability company,

Plaintiff,

vs.

ADVANCED LIFTS & ELEVATORS, INC.,
d/b/a THE ELEVATOR COMPANY, a Utah
corporation and MATTHEW HYDE, an
individual,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss (DE 3). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.   Background

On November 19, 2008, Defendants Advanced Lifts & Elevators, Inc. ("Advanced") and Matthew Hyde ("Hyde") (collectively, "Defendants") filed a Notice of Removal (DE 1). Plaintiff Atlantic Tech Systems, LLC's ("Plaintiff" "Atlantic") six-count Complaint alleges breach of contract against Advanced (count one); breach of promissory note against Advanced and Hyde (count two); open account against Advanced (count three); account stated against Advanced (count four); goods sold against Advanced (count five) and quantum meruit against Advanced (count six).

The allegations of the Complaint are as follows: On or about June 28, 2007, Plaintiff and Defendant Advanced entered into an Asset Purchase Agreement ("Agreement") for Advanced to purchase certain assets of Plaintiff's business for $54,355.87. (Compl. ¶ 6.) In addition, Plaintiff and Defendants Advanced and Hyde executed and delivered to Plaintiff a promissory note in the amount of $54,355.87 for the monies due under the terms of the Agreement. (Compl. ¶ 8.) The Note is in default and Plaintiff has declared the entire unpaid principal balance due under the Note, plus accrued and unpaid interest, including default interest. (Compl. ¶ 12.)

Moreover, pursuant to the Agreement, Defendant Advanced purchased certain goods from Plaintiff but has failed to pay for those goods, in the amount of $53,027.99 plus a finance charge of 1.5%. (Compl. ¶¶ 14-17.) Defendant Atlantic also breached the Agreement by failing to purchase the minimum quota of operators per year as specified by the Agreement. (Compl. ¶ 20.) According to the Complaint, "all conditions precedent to this action have occurred, have been satisfied, have been performed or have been waived." (Compl. ¶ 21.)

In moving to dismiss count two of the Complaint, Defendants argue that the claim for breach of the promissory note is facially deficient because Plaintiff has failed to affix to the promissory note, a copy of which is attached to the Complaint, the requisite documentary stamps evidencing that taxes have been paid on the promissory note. (Mot. at 2.) Plaintiff responds that this count meets the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. (Resp. at 2.)

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground

upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

Defendants' sole complaint with Plaintiff's claim for breach of promissory note is the lack of evidence demonstrating that Plaintiff paid the required documentary tax stamps as required under Florida law.  In making this argument, Defendants assert that Plaintiff has failed to comply with a condition precedent.

To be sure, to prevail on a claim for breach of promissory note, Plaintiff will be required to demonstrate, prior to final judgment, that the documentary taxes have been paid. See, e.g., Florida Statute § 201.08(1); Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982) (affirming district court's ruling to dismiss action without prejudice after jury trial when the plaintiff failed to present evidence that taxes on promissory notes had been paid); Somma v. Metra Electronics Corp., 727 So. 2d 302 (Fla. Dist. Ct. App. 1999) ("promissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable").  Thus, the payment of documentary taxes is part of Plaintiff's evidentiary burden.

Of course, this differs from Plaintiff's pleading burden. Here, Plaintiff pled that "all condition precedent" have been performed. (Compl. ¶ 21.) Significantly, in pleading conditions precedent, the Federal Rules of Civil Procedure require only that conditions precedent be alleged "generally." Fed. R. Civ. P. 9(c). See Fitz-Patrick v. Commonwealth Oil Co., 285 F.2d 726, 729-30 (5th Cir. 1960) (sufficient to allege that "all conditions precedent have been performed or have occurred");[1] Thompson v. Kindred Nursing Ctrs. East, LLC, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (allegation that "all conditions precedent to the filing of this action have been satisfied or occurred" is sufficient).[2] Based on this precedent, the Court concludes that, by pleading "all conditions precedent" have been met, Plaintiff has met its pleading burden with respect to the payment of documentary taxes.[3]

Nonetheless, Defendants argue that the copy of the promissory note attached to the Complaint does not contain evidence of payment of the documentary taxes. As such, Defendants claim that when there is a conflict between the Complaint and an exhibit, the exhibit controls. (Reply at 2 citing Griffin Industries, Inc. v. Irvin, 46 F.3d 1189 (11th Cir. 2007).) However, the

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] In deciding procedural matters, such as pleading requirements, the Court must look to federal law. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996) (federal courts must apply federal procedural law).

[3] The Court also notes that the allegations of count two sufficiently provide Defendants with fair notice of the claim and the grounds upon which it rests. See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 974 (11th Cir. 2008) (a complaint must give notice of the claim and the grounds upon which it rests.)

exhibit attached to the Complaint does not contradict the allegation that all condition precedent have been met.  While the promissory note does not provide evidence supporting the payment of the documentary taxes, it also does not provide evidence that the taxes have not been paid.  In any event, the Court finds the payment of the documentary taxes is a factual question best not decided on a motion to dismiss.[4]

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 3) is **DENIED**.  Defendants may, however, raise the payment of the documentary taxes as a defense at an appropriate stage in the proceedings.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of May 2009.

_____
KENNETH A.  MARRA
United States District Judge

---

[4] Indeed, the Court notes that Plaintiff has moved for summary judgment on count two of the Complaint and has provided evidence in support of its contention that the documentary taxes have been paid (DE 19.)  That motion is not yet ripe for consideration.

5